# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRAVIS WAYNE DARKES,<br><br>Defendant. | Case No. CR-13-078-RAW |

## ORDER

Before the court is Defendant's motion to dismiss the indictment pursuant to Fed. R. Crim. P. 12(b)(3)(B)* [Docket No. 20]. The Indictment in this case charges Defendant with Failure to Register as a Sex Offender from in or about March of 2013 through on or about September 4, 2013 after having traveled in interstate commerce in violation of the Sex Offender Registration and Notification Act (hereinafter "SORNA"), 18 U.S.C. §§ 2250(a)(1), 2250(a)(2)(B) and 2250(a)(3). The Indictment states that Defendant is an individual required to register as a sex offender under SORNA, as he received a felony conviction for two counts of Indecent Assault in Pennsylvania on or about December 20, 2006.

Defendant argues that SORNA, 42 U.S.C. § 16913, and its enforcement provision, 18 U.S.C. § 2250, are not applicable to this case and violate multiple constitutional provisions, both facially and as applied to him. For these reasons, Defendant requests that the court dismiss the Indictment. Specifically, Defendant argues: (1) Oklahoma does not have a sex offender registry

---

*An indictment is tested under Rule 12(b) solely on the basis of the allegations made on its face, and those allegations are taken as true. United States v. Hall, 20 F.3d 1084, 1087 (10th Cir. 1994). In testing the legal sufficiency of the Indictment, the court will not consider evidence beyond the face of the Indictment. Id.

that complies with SORNA's requirements; thus, Defendant was not required to register under SORNA; (2) SORNA violates the Tenth Amendment and principles of federalism because it infringes on states' rights; and (3) Congress lacked the authority under the Commerce Clause to enact SORNA.

As to his first argument, Defendant concedes that the Tenth Circuit has ruled that SORNA applies to individuals even when their state has not implemented the law at the state level. United States v. Hinckley, 550 F.3d 926 (10th Cir. 2008), *abrogated on other grounds by* Reynolds v. United States, 132 S. Ct. 975 (2012). Defendant states that he includes this argument to preserve it for further review. As Defendant concedes the Circuit has already ruled on this issue, the court will not address it further here.

**Tenth Amendment**

Defendant argues that SORNA forces state officials to enforce a regulatory system, thereby violating the Tenth Amendment and principles of federalism. As the Government argues, SORNA does not force states to register sex offenders. SORNA provides that its provisions "that are cast as directions or their officials constitute, in relation to States, only conditions required to avoid the reduction of Federal funding under this section." 42 U.S.C. § 16925(d). States can choose whether or not to register sex offenders. For this reason, SORNA does not violate the Tenth Amendment. United States v. Stock, 685 F.3d 621, 626 (6th Cir. 2012); United States v. Felts, 674 F.3d 599, 606-08 (6th Cir. 2012); United States v. Johnson, 632 F.3d 912, 920 (5th Cir. 2011).

**Commerce Clause**

Defendant argues that Congress exceeded its powers under the Commerce Clause when it

2

enacted SORNA. "The Supreme Court has identified three areas that Congress may regulate under the Commerce Clause: (1) 'the use of the channels of interstate commerce'; (2) 'the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities'; and (3) 'those activities that substantially affect interstate commerce.'" Hinckley, 550 F.3d at 939-40 (citing United States v. Lopez, 514 U.S. 549, 558 (1995)). "By requiring that a sex offender travel in interstate commerce before finding a registration violation, SORNA remains well within the boundaries of the Commerce Clause." Id. at 940. See also Lawrance, 548 F.3d at 1336-38.

Defendant argues that Hinckley was wrongly decided. He further asks the court to read SORNA's registration requirement, 42 U.S.C. § 16913, independently from its enforcement provision, 18 U.S.C. § 2250, to find that § 16913 is unconstitutional. Several courts have found that § 16913 is constitutional. United States v. Carel, 668 F.3d 1211, 1214 n.3 (10th Cir. 2011). "To the extent that § 16913 regulates solely intrastate activity, the regulatory means chosen are 'reasonably adapted' to the attainment of a legitimate end under the commerce power." United States v. Vasquez, 611 F.3d 325, 331 (7th Cir. 2010).

Accordingly, Defendant's motion to dismiss the Indictment [Docket No. 20] is hereby DENIED.

It is so ORDERED this 22nd day of October, 2013.

**Dated this 22nd day of October, 2013.**

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma